Duego, J.
It seems to me that the name under which the defendant was incorporated and is doing business is such a colorable imitation of that of plaintiff’s that an injunction should be granted restraining its continuance.
The cards and billheads in evidence show a disposition •on the part of the defendant to make unduly prominent that portion of its corporate name which is most similar to the name of the plaintiff. Certain it is that the use by the •defendant of its name has led to confusion in the delivery of the mail matter addressed to the parties in the, action.
Upon the laches or acquiescence of the plaintiff much stress is laid as a reason why this application should be denied. The license given, if any, was to Jones, and under the circumstances, as such, is revocable. The plaintiff’s prayer for an accounting has been withdrawn, and with its withdrawal disappears all equitable right in the particular case, to have the acquiescence or laches complained of made a reason for the denial of this application.
No reason has been shown which satisfies me that the revocable nature of the license, if any, given to Jones should be disregarded by the court and the license held irrevocable. It is not difficult to conceive a case where *118 acquiescence on the part of plaintiff under certain attendant circumstances would prevent the interference of a court of equity thereafter in his behalf, but this is not such a case. 2sTo fraud upon the public'will arise, nor is the case so aggravated a one as the defendant would have the court believe. The serious consequences which it claims to fear must be due to excessive timidity, for I cannot convince myself that the loss of the name it has assumed will cause the destruction of its business. The evidence as to the character of the business is such as to preclude any such conviction. The name assumed by the defendant can without difficulty be changed, and no great period of time need elapse before such a change can be made. Our statutes have provided a. method for the purpose.
I think, however, that in view of the action of the plaintiff in the past, and the probable injury that will result-to the defendant by a too summary disposition of the question, an injunction should be granted restraining defendant, from using, after May 1st, next, the name it now has.
In the meantime defendant, if it so desires, can act without serious damage in the premises.
' The objection that the complaint does not state a cause of action against the defendant and does not comply with section 1775 of the Code of Civil Procedure, I have conr sidered and regard as untenable.
Decree to be settled on notice.